In the Matter of the Estate of ROSA E. SPANG, Deceased.

Surrogate's Court, New York County, May, 1922.

**Wills — jurisdiction of Surrogate's Court — practice — instrument denied probate — when motion to have paper sent to another state for probate will be denied.**

The jurisdiction of the Surrogate's Court often but not necessarily depends upon residence or domicile of the decedent.

A decree entered upon a verdict denying probate to an instrument in writing purporting to be the last will of one who died at a hotel in the city of New York leaving personal property in this state was affirmed by the Appellate Division of the Supreme Court and a motion for leave to appeal to the Court of Appeals was denied. *Held*, that under section 45(2) of the Surrogate's Court Act the court had full jurisdiction and its decree was binding on all parties in interest.

A motion made by a legatee named in the propounded paper to have it sent to the register of wills of Allegheny county in the state of Pennsylvania on the ground that the alleged testatrix was at the time of her death a resident of that county and state, will be denied.

APPLICATION to send will, refused probate, to foreign jurisdiction.

*Brackett, Todd, Wheat & Wait (Edgar T. Brackett, of counsel),* for Mabel Spang Ancker.

*Francis Sims McGrath,* for petitioner.

COHALAN, S. A paper signed by Rosa E. Spang was offered for probate in New York county by the executors therein named. A trial was had before this court and a jury, which trial occupied some thirty-two days. The question of the mental capacity of Rosa E. Spang was at the end of the trial submitted to the jury, which answered such question in the negative. Proponents appealed from the decree entered on such verdict to the Appellate Division of this department and such decree was affirmed. Permission to appeal to the Court of Appeals was asked for and refused. All parties who had any interest of any kind in the propounded paper received notice as required by law of the proceedings in this court. A motion is now made to have the propounded paper sent to the register of wills of Allegheny county, state of Pennsylvania, on the ground that Rosa E. Spang was a resident of that county and state.

The jurisdiction of this court often depends upon residence or domicile of the decedent, but does not necessarily depend upon residence or domicile.

The law in force at the time the jurisdiction of this court was invoked by the proponents (Code Civ. Pro. § 2515, subd. 2) gave this court jurisdiction:

" Where the decedent, not being a resident of the state, died within that county, leaving personal property within the state."

This law is still in force. Surrogate's Court Act, § 45, subd. 2. Rosa E. Spang died at the Waldorf-Astoria Hotel in New York county " leaving personal property within this State."

This court thus having jurisdiction of the subject-matter, every step prescribed by the Code in the way of notice of the proceeding was given to all parties in interest, including Mrs. Hitchcock, the moving party herein, a legatee named in the propounded paper.

In view of these facts I am of opinion that the decree denying probate of the propounded paper is binding on all parties interested in the proceeding, and that to now send this paper to the register of wills of Allegheny county, Penn., would be useless. The application is, therefore, denied.

Ordered accordingly.